UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NIKTA JANATI, | Case No. 2:15-cv-01367-APG-CWH |
| Plaintiff, | |
| v. | |
| UNIVERSITY OF NEVADA LAS VEGAS SCHOOL OF DENTAL MEDICINE, et al, | **ORDER** |
| Defendants. | |

Presently before the Court is Plaintiff's motion for clarification (ECF No. 46), filed on December 28, 2016. Defendants filed a response (ECF No. 47) on January 4, 2017, and Plaintiff filed a reply (ECF No. 51) on January 11, 2017.

Plaintiff requests that the Court clarify its order (ECF No. 35), filed on June 27, 2016, granting the parties' stipulation to an extension of certain discovery deadlines. Plaintiff argues that based on the Court's order extending the discovery deadline to November 7, 2016, the expert disclosure deadline was implicitly extended to September 8, 2016, 60 days prior to the close of discovery. Under this interpretation, Plaintiff's disclosure of expert witness Terry Dineen on September 1, 2016 was timely. In the alternative, Plaintiff requests that the Court find the late disclosure was harmless, as it occurred before the close of discovery, and Defendant would not be prejudiced by such a disclosure.

Defendant argues that the disclosure was untimely, pointing out that when the parties filed for the extension in June of 2016, they certified that the request was timely, and made no assertions of excusable neglect. Since the expert disclosure deadline was February 11, 2016, and had already passed, the June request would have been untimely as to that deadline, and would have required a showing of excusable neglect. Defendant also argues that Plaintiff's September disclosure of Terry Dineen was improper, and therefore should not be accepted, regardless of the discovery deadline. In the alternative, Defendant requests a limited re-opening of discovery in order to adequately prepare

1

for rebuttal.

Upon review, the Court finds that the order (ECF No. 35) explicitly extending certain specified deadlines does not apply to any other unspecified deadlines, i.e., the expert deadline. In fact, the parties' prior stipulation to extend deadlines, which does not mention the need to disclose experts or the deadline for doing so, indicates that "all other deadlines" remain the same. (Stipulation, (ECF No. 22) at 4).) The deadline for disclosure of experts of February 11, 2016 was to "remain the same," as agreed by the parties, and therefore Plaintiff's disclosure of Terry Dineen on September 1, 2016 was untimely.[1]

Under Fed. R. Civ. Proc. 37(c)(1), an untimely disclosed witness may be excluded unless the failure was substantially justified or harmless. Plaintiff makes no argument that, should the Court find that the disclosure deadline was February 11, 2016, the lateness was justified. So, the only remaining question for the Court is whether the late disclosure was harmless or prejudicial.

Plaintiff was aware of the dispute over the expert disclosure deadline since at least September 8, 2016, the date of the failed mediation, because Defendant objected to the report at the mediation, and claims the mediation was unsuccessful because of the late, unanticipated expert report disclosure. Moreover, the parties did not jointly submit an interim status report, due September 8, 2016, as ordered by the Court in the scheduling order, apparently because of the disagreement regarding the expert report – Defendant filed a report which indicates that Plaintiff did not agree with Defendant's proposed interim report. (Order, (ECF No. 35) at 5).)  Plaintiff's interim report also indicated that there is no pending discovery motion, but that a motion will be filed "this week" by Plaintiff. Interim Status Report (ECF No. 41), at 2, 3. Plaintiff never filed her own interim status report, which the Court construes as a tacit agreement that Defendant's report was accurate, i.e., that a motion would be filed to resolve the dispute. Plaintiff filed the present motion on December 28,

---

[1] The Dineen expert report was an exhibit to Plaintiff's mediation brief which was provided to Defendant a few days before the mediation. Defendant argues that the report has not yet been properly disclosed, that the mediation brief is confidential, and therefore it would not be admissible at trial. Rule 26 simply requires that the report be disclosed in a timely fashion, and the Court finds that the method of disclosure itself is not objectionable. Plaintiff has clearly waived confidentiality of the report by disclosing it to Defendant.

2016, nearly four months after the dispute arose, nearly two months after the close of discovery, and only one week before the dispositive motions deadline.  According to Defendant, Plaintiff did not discuss the issue of the expert report again between September 8, 2016 until the filing of the present motion.  Plaintiff provides no explanation for why she waited so long to file the present motion – had the motion been filed as discussed, several months of discovery remained.   Plaintiff's failure to act had a significant impact on the proceedings – it led Defendant to proceed under the reasonable assumption that it did not need to produce a rebuttal expert or conduct further discovery to defend against future vocational losses, and the discovery period closed.  Although Plaintiff argues that any prejudice to Defendants could be cured by reopening discovery, the court finds that in this case, reopening discovery neglects the overarching purpose in administering the Federal Rules of Civil Procedure, "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.  Discovery is expensive, and reopening discovery would require Defendant to hire an expert or rebuttal expert and conduct additional fact discovery in light of the late report – essentially restarting discovery that had already closed.  The Court finds that Plaintiff's failure to bring a motion or inform the Court of the dispute until long after the discovery period lapsed prejudiced Defendant.

Prior to awarding preclusion sanctions, the Court has considered the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the prejudice suffered by Defendant, all of which favor preclusion.  The Court has also considered the availability of less drastic sanctions, which Plaintiff argues is the reopening of discovery, and finds that on balance that preclusion is appropriate because of the additional expense visited upon Defendant by reopening discovery.  Moreover, the preclusion of the Mr. Dineen as an expert does not prevent Plaintiff from offering otherwise admissible, relevant evidence regarding Plaintiff's vocational losses.

//
//
//
//
//

IT IS THEREFORE ORDERED that Plaintiff's motion for clarification (ECF No. 46) is GRANTED in part. The Court finds that the deadline for expert disclosure in this case was February 11, 2016. In accordance with that finding, Plaintiff's disclosure of expert witness Terry Dineen is untimely and prejudicial. Therefore, the witness is excluded from evidence.

DATED: January 24, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge